UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| **Sylvia Bernay Duncan,** | Civil No. 05-cv-711 (DSD/SRN) |
| **Plaintiff,** | REPORT AND RECOMMENDATION |
| v. | |
| **City of Brooklyn Park, a municipality; Brooklyn Park Police Officers Lippert (#161); Nelson (#123); Buck (#157), all personally, and in their capacities as Brooklyn Park Police officers; and Wade Setter, Chief of Police, individually and in his capacity as Chief of Police,** | |
| **Defendant.** | |

---

Sylvia Bernay Duncan, *pro se*

Jason M. Hiveley, Esq., on behalf of all Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss (Doc. No. 22.) This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

**I.   BACKGROUND**

At the time she filed her Complaint, Plaintiff Sylvia Bernay Duncan ("Duncan") was a private citizen of Minnesota. (Compl. at 1.) Defendant Officers Lippert, Nelson, and Buck were all police officers employed by the Brooklyn Park Police Department ("BPPD"). (Compl. at 1-2.) Defendant

Wayne Setter was, at all times relevant, acting as Chief of the BPPD. (Compl. at 2.) Plaintiff has sued all of these Defendants in their individual and official capacities, and has sued the City of Brooklyn Park as the employer of these Defendants.

On March 15, 2005, Ms. Duncan filed suit in state court alleging assault, battery, intentional and negligent infliction of emotional distress, and a violation of her Fourth and Fifth Amendment rights actionable under 42 U.S.C. § 1983. (Compl. at 6.) Ms. Duncan's claims arise from Plaintiff's March 18, 2003 arrest during which Plaintiff asserts that some combination of Defendants threw her to the ground with excessive force and hit her in the head, body and legs. (Compl. at 3; Ans. at 4.) When she filed her Complaint, Plaintiff was represented by Albert T. Goins and Joanna L. Woodman of Goins & Wood, PC. (Compl. at 6.) On April 5, 2005, Defendants removed this action to federal court, on the basis of federal question jurisdiction under 28 U.S.C. § 1331, and filed their Answer. (Doc. Nos. 1, 2.)

The parties submitted their Rule 26(f) Report on May 10, 2005 and on May 20, 2005, counsel for both parties attended the Federal Rule of Civil Procedure 16 scheduling conference. (Doc. Nos. 4, 6.) On May 23, 2005, this Court issued its Pretrial Scheduling Order, in which it set March 1, 2006 as the deadline for the completion of discovery in this matter. (Doc. No. 7.)

On May 24, 2005, Defendants served Plaintiff with a copy of their Interrogatories and Request for Production of Documents. (Hiveley Aff. Supp. Mot. Compel at ¶ 2.) More than three months later, on August 30, 2005, Plaintiff's counsel, Mr. Goins and Ms. Woodman, filed a Motion to Withdraw as Counsel for Plaintiff. (Doc. No. 8.) As grounds, Plaintiff's counsel stated that they were unable to get Plaintiff to cooperate with her discovery obligations. First, they attempted to reach

Plaintiff by telephone five times between the dates of June 1, 2005 and August 25, 2005 to discuss the status of her case. (Doc. No. 8. at 1.) Second, because Plaintiff's written discovery responses were due on June 23, 2005, Plaintiff's counsel had to seek two extensions from defense counsel in order to attempt to complete discovery. (Id.) On August 12, 2005, Plaintiff's counsel wrote to Plaintiff to inform her that she needed to visit counsel's office and, in response, Plaintiff telephoned and arranged a meeting for August 18, 2005. (Id. at 1-2.) However, Plaintiff failed to attend that meeting. (Id. at 2.) On August 22, 2005, Plaintiff's counsel again arranged to meet Plaintiff on August 25, 2005 and Plaintiff failed to attend that meeting as well.

On October 17, 2005, this Court granted Plaintiff's counsel's Motion to Withdraw as Counsel. (Doc. No. 11.) No counsel has entered an appearance for Plaintiff since that date and Plaintiff has proceeded *pro se* in this matter since that time. A copy of the Court's Order granting the motion was mailed to Plaintiff at the address registered with the Court, but was eventually returned to the Court as undeliverable on November 14, 2005. (Doc. No. 13.)

In the interim, on November 1, 2005, Defendants served Plaintiff with a letter, via certified mail, stating that her discovery responses were considerably overdue, along with a Notice of Taking Deposition, which scheduled her deposition for November 14, 2005. (Hiveley Aff. Supp. Mot. Dismiss at ¶ 5.) Plaintiff did not attend this deposition nor did she provide any reason for her failure to do so. (Id. at ¶ 6.)

After not receiving discovery responses from Plaintiff for nearly eight months, on January 6, 2006, Defendants filed a Motion to Compel Discovery. (Doc. No. 16.) Plaintiff did not attend the hearing at which the motion was heard on January 20, 2006. (Doc. No. 20.) Following the motion

hearing on the same day, this Court issued an order directing Plaintiff to: 1) respond to Defendant's discovery requests within seven days of January 20, 2006; 2) attend a deposition on January 31, 2006; and 3) pay Defendants' costs and attorneys' fees in the amount of $500.00. (Doc. No. 21.) On January 24, 2006, Defendants served Plaintiff with a courtesy copy of this Order, along with a letter clearly stating that Defendants would seek the dismissal of this case if Plaintiff did not comply with the Order. (Hiveley Aff. Supp. Mot. Dismiss at ¶ 9, Id., Ex. G.)

Plaintiff did not submit discovery responses and, without explanation, failed to appear at the January 31, 2006 deposition. (Id. at ¶ 10.) Defendants allege that Plaintiff telephoned defense counsel on February 6, 2006 and, in the course of their conversation, stated that, although she no longer resided at the address on record with the Court, she had nonetheless received Defendants' January 24, 2006 mailing, including the courtesy copy of the Court's January 20, 2006 Order. (Id. at ¶ 12.) Moreover, Plaintiff claimed that she would attempt to hire a new attorney. (Id. at ¶¶ 11-12.) Plaintiff did not provide defense counsel with her new address, nor did she provide an explanation for either missed deposition or for her failure to respond to discovery requests. (Id. at ¶ 13.) Plaintiff likewise failed to provide her new address to the Court.

On March 5, 2006, Defendants filed the Motion to Dismiss which is presently before the Court. (Doc. No. 22.) This motion seeks to dismiss this case with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with an order of this Court. (Id.) Plaintiff did not file a response to this motion and failed to appear at the motion hearing on April 21, 2006. (Doc. No. 29.)

## II.     DISCUSSION

Defendants assert that Plaintiff's repeated failure to prosecute this case merits a dismissal with prejudice. (Defs'. Mem. Supp. Mot. Dismiss at 4.) Defendants argue that, under Rule 41(b), the Court can dismiss this case for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and/or failure to comply with an order of the court. (Id.) They argue that Plaintiff has "no intention of prosecuting this case, or any intention of complying with the Rules of Civil Procedure or the Orders of this Court." (Id.) According to Defendants, her unwillingness to prosecute this case is evidenced by the passage of the March 1, 2006 discovery deadline, set in the Court's original Scheduling Order, Plaintiff's refusal to collaborate with her former counsel to enable discovery to proceed, her failure to respond to any discovery requests, her absence at her two scheduled depositions, and her failure to comply with any provision of the Court's January 20, 2006 Order. (Id.)

The Court recommends that Defendants' motion be granted and the case be dismissed with prejudice. Rule 41(b) reads, in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

"Despite the breadth of this language, however, . . . dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). But "willful" does not mean a plaintiff necessarily acted in bad faith, only that the plaintiff "acted intentionally

as opposed to accidentally or involuntarily." Id.  "An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." Aziz v. White, 34 F.3d 587, 589 (8th Cir. 1994) (affirming a dismissal with prejudice where plaintiff willfully disregarded court's order allowing defendants to depose him), cert denied, 513 U.S. 1090 (1995).

When deciding whether to dismiss a complaint under Rule 41, a court considers several factors: (1) whether less severe sanctions are futile; (2) the need to advance its docket and limit prejudice to the defendant weighed against irrevocably extinguishing the plaintiff's claim; and (3) whether the litigant has been warned, although such warning is not required. Hunt, 203 F.3d at 527.  A district court's decision to dismiss a case with prejudice will only be reversed for abuse of discretion. Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam).  "In determining whether the district court abused its discretion," the Eighth Circuit uses a balancing test that focuses on "'the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court.'" Cassel, 403 F.3d at 990 (citation omitted).

In the instant case, the Court finds that Plaintiff's pattern of egregious conduct merits dismissal with prejudice.  Plaintiff's failure to comply with the Court's January 20, 2006 Order  and her lack of effort to prosecute this case appear to be attributable to her intentional unwillingness to cooperate and proceed, and not her inability to retain counsel or a failure of notice.  Plaintiff has failed to comply with any discovery.  On two occasions, she failed to appear for her deposition.  Plaintiff was represented by counsel for nearly five months after Defendants served their initial discovery requests and Plaintiff failed to cooperate with counsel sufficiently to produce any response whatsoever.  Moreover, she was under

this Court's Order to respond to Defendant's discovery requests no later than January 27, 2005. (Doc. No. 30.)  While, on February 6, 2006, Plaintiff informed Defendant that she no longer resided at her address on record with the Court, she did not explain how she received the courtesy copy of this Court's January 20, 2006 Order which was apparently mailed to the address on record.  At the motion hearing, defense counsel stated that Plaintiff was upset and claimed, on February 6, 2006, to have only just received the documents mailed to her on January 24, 2006.  However, she subsequently failed to hire new counsel and neglected to provide this Court with her new address.  Finally, Plaintiff did not even appear at the motion hearing to contest this Motion to Dismiss.  Plaintiff has not made any appearance, contacted counsel or contacted the Court for nearly ten months.

Moreover, the Court finds that a sanction lighter than dismissal is likely futile in this case. Plaintiff has yet to pay Defendants the $500.00 in costs and attorneys' fees that this Court previously imposed pursuant to Federal Rule of Civil Procedure 37.  Plaintiff failed to even appear at the hearing to contest this Motion to Dismiss.  Likewise, the Court finds that severe prejudice would result from requiring Defendants to continue to defend this case.  Unreasonable delay creates a presumption of prejudice. Anderson v. Pacific Mar. Ass'n, 434 F.2d 281, 283 (9th Cir. 1970); See also, Washington v. Walker, 734 F.2d 1237, 1238-1239 (7th Cir. 1984); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).

Plaintiff has failed to prosecute this case since May 20, 2005, nearly eighteen months ago.  In addition, Plaintiff has provided neither the Court, nor defense counsel with a viable address for over one year, even though she was cognizant that the Court was not provided an updated address. Moreover, Plaintiff has not once contacted the Court to request an extension of the discovery deadline

or to attempt to explain her actions in delaying the completion of the discovery.  In her sole contact with defense counsel, she failed to provide any information about her whereabouts and although she expressed her desire to obtain counsel, she did not do so.  These factors, beyond the mere length of Plaintiff's inactivity, exacerbate the unreasonableness of the delay because they lead to the conclusion that the delay is without justification.  Finally, Defendants have been prejudiced by Plaintiff's complete refusal to respond to their discovery requests because they have been unable to effectively prepare a defense.

Defense counsel clearly did inform Plaintiff that, if she failed to comply with the Court's January 20, 2006 Order, they would file this Motion to Dismiss.  Plaintiff made absolutely no subsequent attempt to comply with the Order or to respond to Defendants' discovery requests.  Accordingly, this Court recommends that Defendant's motion be granted.

THEREFORE, IT IS HEREBY RECOMMENDED that:

1. Defendant's Motion to Dismiss (Doc. No. 22) be **GRANTED**;

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: December 4, 2006

                           s/ Susan Richard Nelson

                           SUSAN RICHARD NELSON
                           United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by **December 19, 2006** after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.